JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**      (In Chambers) Order Remanding Case

Pending before the Court are the parties' responses to the Court's order to show cause why this case should not be remanded to state court. The Court finds the matter appropriate for decision without further oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers submitted by the parties, as well as previous oral argument on the matter, the Court REMANDS this case to state court.

I.     Background

On June 15, 2009, Plaintiff Christopher Olonzo ("Plaintiff") filed this action in Los Angeles County Superior Court against Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "the Bank"). The complaint asserts claims for 1) wrongful termination in violation of public policy, 2) intentional infliction of emotional distress, and 3) declaratory relief.

According to the complaint, Plaintiff had been employed by the Bank for about ten years when, in September 2006, he began a disability leave. *Compl.* ¶¶ 6-7. He briefly returned to work in February 2007, but resumed his disability leave later that month. *Id.* at ¶ 7. On June 25, 2007, the Bank terminated his employment. *Id.* at ¶ 8. Plaintiff alleges that the Bank terminated his employment because of his disability and medical condition, which Plaintiff claims wrongfully violated public policy, including California's Fair Housing and Employment Act. *See id.* As a result of his wrongful termination, Plaintiff allegedly "sustained severe and serious injury to his health and emotional well-being." *Id.* at ¶ 9.

JS - 6     O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

      On August 27, 2009, Plaintiff filed a Case Management Statement ("Statement") in Los Angeles County Superior Court. *See Masters Decl.* ¶ 5, Ex. A. In his Statement, Plaintiff elaborated on the allegations in the complaint. Specifically, Plaintiff asserted that the Bank initially approved him for medical leave[1] and that, under the Bank's own guidelines, this should have protected Plaintiff's "employed" status for an additional two years. *See id.*, Ex. A at 2. The Statement continued:

> Defendants terminated plaintiff's employment in June 2007, insisting that he had failed to comply with defendants' medical leave policies, even though defendants' own protocols clearly indicate that a third party (the disability insurer), and not defendants, should have been responsible for determining the propriety of plaintiff's medical leave. The insurer had approved plaintiff for short-term disability benefits, but then rejected plaintiff's claim for long-term disability benefits precisely because of defendants' wrongful termination of plaintiff's "employed" status in June 2007. Plaintiff believed that his [long term disability] benefits should have been paid notwithstanding the termination of his employment, and filed a separate lawsuit in federal court which has since been resolved . . . .[2]

*Id.*, Ex. A at 2-3.

      In addition to amplifying Plaintiff's wrongful termination allegations in the foregoing manner, the Case Management Statement further asserted that

> Plaintiff and his domestic partner also lost their health insurance, provided through defendants, as of April 1, 2007, several months prior to the wrongful termination of plaintiff's employment. This happened as the result of highly confusing and occasionally contradictory communications from defendants concerning the premium contributions supposedly owed by plaintiff and his partner. Thus, plaintiff and his partner received no notice of COBRA health coverage continuation rights upon the termination of plaintiff's employment. Even ignoring the fact that both the loss of their health coverage and the ensuing termination of

---

      [1] Presumably, Plaintiff is referring to the leave he took beginning in September 2006.

      [2] The case Plaintiff appears to refer to is CV 08-7161 GAF (FMOx), which, according to Plaintiff, involved his claim for disability benefits against the Bank's disability insurer, Metropolitan Life Insurance Company, and the Bank's short- and long-term disability plans.

JS - 6

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

plaintiff's "employed" status were wrongful and the result of numerous mistakes made by defendants, the COBRA problem likely would have been avoided if defendants had properly deducted the premium contributions from plaintiff's [short term disability] payments. Here again, however, defendants apparently failed to follow their own guidelines, failed to make the requisite deductions, and improperly terminated their health coverage.

*See id.*

On September 11, 2009, the Bank removed the action to this Court on the basis of federal question jurisdiction. *See Notice of Removal.* In its Notice of Removal, the Bank contends that Plaintiff's Case Management Statement makes apparent that Plaintiff's suit will raise issues concerning the Bank's policies under its disability benefit plan and its health insurance plan, both of which are covered by ERISA. *Id.* at ¶ 12. Thus, according to the Bank, while not apparent from the face of the complaint, Plaintiff's claims implicate ERISA in a manner that makes removal proper. *See id.* at ¶¶ 15-16.

On September 29, 2009, the Court issued an Order to Show Cause ("OSC") Re Remand, indicating that it did not appear to the Court that Plaintiff's claims "arise under" federal law. The Bank filed a response to the OSC on October 20, 2009. Plaintiff filed its own response on the same day. The Court then held a hearing on the matter on November 9, 2009. Subsequent to the hearing, both parties submitted supplemental responses to the OSC.

II.     Legal Standard

To be removable to federal court, a claim concerning a plan governed by ERISA must be preempted by ERISA and must fall within the scope of ERISA's enforcement provisions. *Providence Health Plan v. McDowell,* 385 F.3d 1168, 1172 (9th Cir. 2004). A claim is preempted by ERISA if it "relates to" an employee benefit plan, such as a plan providing benefits in the event of employee sickness, accident, disability, death, or unemployment. *See* 29 U.S.C. §§ 1002(1)-(3), 1144(a); *Providence,* 385 F.3d at 1172. Generally, a claim "relates to" a benefit plan if it has "a connection with or reference to" such a plan. *See Providence,* 385 F.3d at 1172 (citing *Travelers New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655-56, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995)). In determining whether a claim has "reference to" a plan governed by ERISA, the focus is on whether the claim is premised on the existence of an ERISA plan and whether the existence of the plan is essential to the claim's survival. *See id.* In determining whether a claim has a

JS - 6 **O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

"connection with" a plan governed by ERISA, courts in the Ninth Circuit use a relationship test, in which the emphasis is on the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and a participant. *Id.*

A claim falls within the scope of ERISA's civil enforcement provisions if it "can be reasonably characterized" as a claim under any such provision. *See Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir. 1998). ERISA's enforcement provisions are set forth in 29 U.S.C. § 1132(a), which by its express terms limits the causes of action that are available under ERISA, as well as by whom and against whom such causes of action may be brought. *See id.* at 656. For example, § 1132(a) authorizes a plan participant or beneficiary to bring a civil action to recover benefits due her under the plan or to enforce her rights under the plan or clarify her rights to future benefits under the terms of the plan. *See id.* (citing 29 U.S.C. § 1132(a)(1)(B)).

Finally, with respect to removability in general, the Court notes that a case will be remanded if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1446(c). There is, moreover, a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.*

III.  Discussion

As an initial matter, the Court agrees with the Bank that, in determining whether removal is proper, the Court is not limited to examining the face of Plaintiff's complaint. 28 U.S.C. § 1446(b) provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added). Thus, in evaluating when a defendant had notice of the grounds for removal, courts may look not only to the initial pleading, but to other "documents exchanged in the case by the parties." *See Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997). Here, such documents include the Case Management Statement Plaintiff filed in Los Angeles County Superior Court. The Court therefore finds it proper to consider the assertions made in that Statement in determining whether removal here is proper.

In support of its argument that Plaintiff's Statement supports removal of Plaintiff's action, the Bank notes the Statement's assertion that "Defendants terminated plaintiff's employment in

JS - 6

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

June 2007, insisting that he had failed to comply with defendant's medical leave policies, even though defendants' own protocols clearly indicate that a third party (the disability insurer), and not defendants, should have been responsible for determining the propriety of plaintiff's medical leave." *See Defendants' Response* 3:15-4:5. Thus, according to the Bank, Plaintiff's theory is that his termination was "wrongful" because the Bank should have deferred to the disability plan administrator's determination that Plaintiff's medical leave was legitimate. *See id.* at 4:7-11. The Bank argues that this theory "requires that Plaintiff establish the terms of the disability plan benefits and the administrator's implementation of the plan benefits," and that for this reason Plaintiff's claim "relates to" an ERISA-governed plan in a manner that makes removal proper.[3] *See id.* at 4:14-16.

The Court is not persuaded by the Bank's argument. Plaintiff's dispute, at least in this suit, is not with the disability plan's terms or the disability plan administrator's implementation of those terms, but with the Bank's implementation of its *own* "guidelines," "policies," and "protocols" regarding the propriety of an employee's medical leave. *See Masters Decl.,* Ex. A at 2-3. In short, Plaintiff is alleging that the Bank failed to follow its own policies for determining when an employee's medical leave is proper. The existence of the Bank's disability plan is not integral to such a claim. Nor will the claim have any "genuine impact" on a relationship governed by ERISA, such as between Plaintiff and the disability plan. For these reasons, then, the Court does not find itself persuaded by the Bank's argument for removal.[4]

---

[3] The parties do not dispute that both employee benefit plans at issue—namely, the Bank's disability plan and its health insurance plan—are ERISA-governed plans. *See* 29 U.S.C. § 1002(1)-(3).

[4] Defendants suggest that a claim "relates to" an ERISA plan so long as it relies to any extent whatsoever on the mere existence of such a plan. *See Defendants' Supplemental Response* 5:3-6. That contention does not accord sufficiently with the "common-sense meaning" of the phrase "relates to." *See Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990); *Shaw v. Delta Air Lines,* 463 U.S. 85, 100, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983) ("Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."); *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995) ("For the same reasons that infinite relations cannot be the measure of pre-emption, neither can infinite connections.").

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6611 PSG (RCx) | Date | January 21, 2010 |
|---|---|---|---|
| Title | Christopher Olonzo v. Wells Fargo Bank, N.A. *et al.* | | |

IV.    Conclusion

For the foregoing reasons, the Court REMANDS this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**